**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> TERRANCE BOATWRIGHT, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:19-cr-00301-GMN-DJA-2 <br><br> **ORDER** |

Pending before the Court is the Government's Motion to Continue the Change of Plea, (ECF No. 62). Defendant Terrance Boatwright ("Defendant") filed a Response, (ECF No. 65), and the Government filed a Reply, (ECF No. 68). For the reasons discussed below, the Court **GRANTS** the Government's Motion.

This case arises from Defendant's alleged participation in a bank robbery. On November 13, 2019, Defendant was charged in the Indictment with one count of conspiracy to commit bank robbery and one count of bank robbery. (*See* Indictment, ECF No. 1). Defendant initially pleaded not guilty on both counts. (*See* Mins. Proceedings, ECF No. 16). However, Defendant ultimately executed a plea agreement with the Government, and the Court set a Change of Plea Hearing ("COP"). (*See* Min. Order, ECF No. 57). In light of the COVID-19 pandemic, the Court scheduled the COP to proceed by video conference on April 29, 2020. (*See* Min. Orders, ECF Nos. 64, 67). Now before the Court is the Government's Motion to Continue the COP. (*See* Mot. Continue, ECF No. 62). The Government argues that a continuance is warranted because Defendant must be physically present in court at his plea. (*Id.* 4:6–5:8).

Before accepting a defendant's plea, the court "must address the defendant personally in open court." Fed. R. Crim. P. 11; *see also* Fed. R. Crim. P. 43(a)(1) (requiring that "the

defendant must be present at . . . the plea."). Generally, appearance by videoconference does not suffice. *See Vanzuela-Gonzales v. U.S. Dist. Ct.*, 915 F.2d 1276, 1280 (9th Cir. 1990). Yet, appearance by videoconference is appropriate under circumstances for which Congress has determined that such an appearance satisfies the Federal Rules of Criminal Procedure's presence requirement. *Id.* at 1281. Given the COVID-19 pandemic's impact on federal courts' operations, Congress passed legislation enabling criminal proceedings to be conducted remotely by video conference or teleconference. *See* CARES Act, Pub. L. 116-136, 134 Stat. 281, § 15002. The Act allows most criminal proceedings to be conducted remotely without additional factual findings by the court regarding the need to proceed by videoconference. *See id.* § 15002(b)(1). However, the Act imposes additional requirements for felony pleas and sentencings. *See id.* In order to conduct a felony plea or sentencing hearing by video conference or teleconference, the court must find that the hearing "cannot be conducted in person without seriously jeopardizing public health and safety," and provide "specific reasons . . . that [the] case cannot be further delayed without serious harm to the interests of justice . . . ." *Id.* § 15002(b)(2)(A)(5).

The Government seeks a continuance under the CARES Act because it argues that further delay will not do serious harm to the interest of justice. (Mot. Continue 4:6–5:8). Defendant raises a myriad of arguments opposing the continuance, most of which do not confront the burdens imposed under the CARES Act. (*See* Def.'s Resp. 2:18–6:11, ECF No. 65). The Court first considers Defendant's arguments that do not address the CARES Act. Defendant contends that the COP should continue as scheduled because the Government has not shown cause for the continuance; the Court has the technological ability to conduct the COP; and other judges in the District have conducted criminal hearings by video conference. (*Id.* 2:18–3:22, 4:10–6:11). Defendant misconstrues the burdens established under the CARES Act. The Federal Rules of Criminal Procedure require Defendant's physical appearance in

open court for his felony plea unless Congress provides otherwise. *See Vanzuela-Gonzales*, 915 F.2d at 1280.  Under the CARES Act, Congress continues to require Defendant's physical presence unless the case cannot be further delayed without serious harm to the interests of justice. CARES Act. § 15002(b)(2)(A)(5).  Thus, in the context of Defendant's felony plea, the combination of the Federal Rules of Criminal Procedure and the CARES Act create a presumption in favor of continuance.  Defendant, as the party opposing the continuance, bears the burden to show that further delay would do serious harm to the interests of justice. Defendant cannot merely waive his appearance. *Cf. United States v. Klos*, No. CR-11-233-PHX-DGC, 2013 U.S. Dist. LEXIS 71079, 2013 WL 2237543 (D. Ariz. May 20, 2013); *United States v. Thomas*, No. CR 06-40079, 2007 U.S. Dist. LEXIS 38086, 2007 WL 1521531 (D.S.D. May 21, 2007).

Next, Defendant argues that continuing the COP would do serious harm to the interests of justice because it will delay Defendant's eventual sentencing, causing him to remain in a detention facility that is farther from his family than his preferred Bureau of Prisons ("BOP") facility. (Def.'s Resp. 3:23–4:9).  While a legitimate personal interest, the Court finds that a delay in Defendant's preferred placement does not do "serious harm to the interests of justice." Since the enactment of the CARES Act, most district courts have found that serious harm to the interests of justice exists when delay risks harm to defendant's due process rights by, for example, forcing defendant to serve greater time in custody than the guideline range would recommend for his offense. *Cf. United States v. Short*, No. 3:15-CR-0174, 1010 U.S. Dist. LEXIS 72509, 2020 WL 1969395 (D. Conn. Apr. 24, 2020); *United States v. Collazo*, No. 2:19-00120, 2020 U.S. Dist. LEXIS 67949, 2020 WL 1905293 (S.D.W.V. Apr. 17, 2020); *United States v. Emory*, No. 19-00109 JAO, 2020 U.S. Dist. LEXIS 66148, 2020 WL 1856454 (D. Haw. Apr. 13, 2020); *United States v. Jones*, No. 19-225, 2020 U.S. Dist. LEXIS 58149, 2020 WL 1644257 (D. Minn. Apr. 2, 2020); *United States v. Harry*, No. 19-cr-535, 2020 U.S.

Dist. LEXIS 56323, 2020 1528000 (E.D.N.Y. Mar. 31, 2020).  Here, Defendant does not argue that a continuance would force him to serve greater time than his plea agreement provides. Even if a continuance will delay Defendant's transfer to a BOP facility, it is unlikely that he would have been able to see his family during the time sentencing is delayed because social visits have been suspended at BOP facilities due to COVID-19. *See* Federal Bureau of Prisons, *BOP Implementing Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp. Thus, the Court concludes that a continuance is warranted because it would not present substantial harm to the interests of justice.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Continue, (ECF No. 62), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Change of Plea currently scheduled for April 29, 2020 at 2:30 p.m., be vacated and continued to June 17, 2020 at 11:00 a.m. in Courtroom 7D before Judge Gloria Navarro.

**DATED** this  28   day of April, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court