**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA., ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:19-cr-00301-GMN-DJA-2 |
| vs. ) | |
| ) | **ORDER** |
| TERRANCE BOATWRIGHT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Government's Motion to Continue the Change of Plea ("COP"), (ECF No. 76). Defendant Terrance Boatwright ("Defendant") filed a Response, (ECF No. 79), and the Government filed a Reply, (ECF No. 80). For the reasons discussed below, the Court **GRANTS** the Government's Motion.

This is the second Motion to Continue the COP that the Court has considered in this case. (*See* Order, ECF No. 69). The issue now before the Court is the same as before: whether the Court is obligated to continue a felony plea or sentencing hearing under the CARES Act unless a continuance will do serious harm to the interests of justice. (*See id.* 2:16–4:8).

As the Court explained in the previous Order, the court "must address the defendant personally in open court" before accepting his guilty plea. Fed. R. Crim. P. 11; *see also* Fed. R. Crim. P. 43(a)(1) (requiring that "the defendant must be present at . . . the plea."). Generally, appearance by videoconference does not suffice. *See Vanzuela-Gonzales v. U.S. Dist. Ct.*, 915 F.2d 1276, 1280 (9th Cir. 1990). Yet, appearance by videoconference is appropriate under circumstances for which Congress has determined that such an appearance satisfies the Federal Rules of Criminal Procedure's presence requirement. *Id.* at 1281. Given the COVID-19 pandemic's impact on federal courts' operations, Congress passed legislation enabling criminal proceedings to be conducted remotely by video conference or teleconference. *See* CARES Act,

Pub. L. 116-136, 134 Stat. 281, § 15002. The Act allows most criminal proceedings to be conducted remotely without additional factual findings by the court regarding the need to proceed by videoconference. *See id.* § 15002(b)(1). However, the Act imposes additional requirements for felony pleas and sentencings. *See id.* In order to conduct a felony plea or sentencing hearing by video conference or teleconference, the court must find that the hearing "cannot be conducted in person without seriously jeopardizing public health and safety," and provide "specific reasons . . . that [the] case cannot be further delayed without serious harm to the interests of justice . . . ." *Id.* § 15002(b)(2)(A)(5).

The Government seeks to continue the COP from June 17, 2020, to July 1, 2020, arguing that the delay will not do serious harm to the interests of justice. (Mot. Continue 5:2–18). Defendant argues that delaying his placement in a BOP facility closer to his family and delaying his ability to avail himself of training programs in welding and/or commercial tractor-trailer driving would do serious harm to the interests of justice. (Resp. Mot. Continue ("Resp.") 2:19–3:16, ECF No. 79). He also argues that because other judges within the district have allowed similar hearings to go forward, this Court should as well. (*Id.* 3:17–4:3).

The Court has already rejected the first argument because, under the CARES Act, "serious harm to the interests of justice" generally exists when delay risks harm to defendant's due process rights by, for example, forcing a defendant to serve greater time in custody than the guideline range would recommend for his offense. (Order 3:12–4:2). Additionally, family visitation is not currently possible because of limitations the BOP has imposed to limit the spread of COVID-19 in its facilities. (*Id.* 4:3–8).

The Court next considers whether delaying Defendant's ability to enter job training programs does serious harm to the interests of justice. The Court does not reject the possibility that preventing Defendant from completing a job training program may establish the requisite harm to enable the COP to proceed by video conference, but such harm is not posed by this

continuance. "Serious harm" may encompass a delay that undermines that rehabilitative nature of incarceration. *Cf. United States v. Short*, 3:15-CR-0174, 2020 U.S. Dist. LEXIS 72509, 2020 WL 1969395 (D. Conn. Apr. 24, 2020) (denying a continuance but ordering defendant back to a BOP-designated facility where he could enter training programs not available at pretrial detention facilities). If a continuance were to prevent Defendant from completing a job training program, then that would undermine Defendant's ability to be prepared for reentry after the completion of his sentence. However, the pre-plea PSR indicates that the shortest sentence Defendant may receive within the guideline range is 46–57 months, and Defendant has not informed the Court how long it takes to complete the training programs he wishes to enter. (*See* Reply Mot. Continue, 2:14–20). Given that the Government now seeks a two-week continuance, granting the Motion is unlikely to jeopardize Defendant's ability to complete a job training program. However, given the possible duration of the COVID-19 pandemic, the present spike in cases in many parts of the country, and the uncertainty surrounding when in-custody criminal proceedings will resume in person, the Court is mindful that further continuances may present serious harm to the interests of justice.

Finally, other judges' willingness to conduct COPs and sentencing hearings via videoconference does not show that this Defendant has met his burden under the CARES Act. This Court has already explained in detail why it may not conduct a COP or sentencing hearing by video conference with the defendant present unless it makes specific findings that further delay will do serious harm to the interests of justice. (*See* Order 1:24–4:8). In the four cases Defendant cites, a delay in three of the cases would have risked the defendant remaining in custody for longer than his eventual sentence. *See United States v. Lopez-Arreola*, 2:20-cr-00050-JCM-BNW, (ECF No. 25); *United States v. Gallardo-Beltran*, 2:19-cr-00254-APG-VCF,( ECF No. 30); *United States v. Tang*; 2:20-cr-00054-KJD-DJA, (ECF No. 59). In the final case, because the defendant was not a U.S. citizen, his detention facility greatly limited his

eligibility for jobs, programming, and fresh air. *United States v. Bojorquez-Manrique*, 2:19-cr-00153-APG-DJA, (ECF No 47).  For the reasons discussed above, Defendant has not shown the Court that this continuance poses the requisite risk of harm.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Continue, (ECF No. 76), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Change of Plea currently scheduled for June 17, 2020 at 11:00 a.m., be vacated and continued to July 1, 2020 at 2:30 p.m. in Courtroom 7D before Judge Gloria Navarro.

**DATED** this __15__ day of June, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court